PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2006 Toyota 4Runner struck gravel and sustained damage to its windshield while she was traveling on a portion of 1-81 that was being resurfaced in Martinsburg, Berkeley County. 1-81 is a public road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 11:00 a.m. on September 23, 2008. At the time of the incident, the road was being resurfaced and vehicles were required to drive on a temporary roadway surfaced with gravel. Due to the resurfacing project, the speed limit was reduced from seventy miles per hour to fifty-five miles per hour. Claimant testified that she was driving at approximately fifty-five miles per hour when the tires from the vehicle immediately in front of her spun up a piece of gravel which struck claimant’s windshield. Claimant stated that she was driving between three to four car lengths behind the vehicle. As aresult ofthis incident, claimant seeks to recover $50.00 for the damage to her windshield.
The position of the respondent is that it did not have actual or constructive notice of the excess gravel on the road due to the resurfacing project on 1-81. Respondent did not present a witness at the hearing of this matter.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t *79 of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the excess gravel on 1-81. Since vehicles were required to drive on an area of highway with excessive gravel which caused the damage to claimant’s vehicle, the Court finds respondent negligent. Thus, claimant may make a recovery for the damage to her vehicle.
It is the opinion of the Court of Claims that the claimant should be awarded the sum of $50.00 in this claim.
Award of $50.00.